UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
NETFA NEVERS,

          Plaintiff,

-against-

THE CITY OF NEW YORK,
POLICE OFFICER MARK HOLDER, Shield #31798,
POLICE OFFICER JOHNSON and
POLICE OFFICERS "JOHN DOES",
(whose names and shield #'s are unknown),

          Defendants.
------------------------------------------------x

Index No. 06 0318

COMPLAINT

JURY DEMAND

IRIZARRY, J.

AZRACK, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 2 5 2006 ★
BROOKLYN OFFICE

Plaintiff, by his attorney, Philip Akakwam, Esq., complaining of the defendants, The City of New York, and Police Officers Mark Holder and Johnson, and Police Officers "John Does", upon information and belief alleges as follows:

## INTRODUCTION

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985].

2. The Plaintiff seeks monetary damages for: the false arrest, false imprisonment, detention, and malicious prosecution of Plaintiff, Netfa Nevers, and for the use of excessive and unnecessary force against said plaintiff, and for subjecting said plaintiff to malicious abuse of criminal process, and otherwise, for the violation of the Plaintiff's federally guaranteed constitutional and civil rights. The Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice in order to provide the Plaintiff with a full and complete remedy for the violation of his rights.

## PARTIES

5. The Plaintiff, a black male of full age, is a resident of the City of New York, County of Kings and State of New York.

6. The City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the employer of the defendant police officers through its Police Department - New York City Police Department- and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

7. At all times herein, individual defendants Police Officers Mark Holder, Johnson and "John Does" were employed as police officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and the State of New York. The defendant Police Officers were the servants, agents, and employees of their co-defendant, the City of New

York. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter described, they were taken in and during the course of their duties and functions as New York City Police Officers and incidental to the otherwise lawful performance of the same.

8. All conditions precedent to filing of this action have been complied with; on August 29, 2005, within ninety days after the claim alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff, was served upon the defendant City of New York by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the Supreme Court. Plaintiff's claim was given Claim No. 2005PI019727.

9. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

10. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## FACTS COMMON TO CAUSES OF ACTION

11. On or about August 13, 2005, the individual defendant Police Officers were on duty and were acting within the scope of their authority as police officers for the defendant City of New York and in furtherance of the business of the City of New York.

12. On the date aforesaid, plaintiff was lawfully on Nostrand Avenue, which is a public street, chatting with a female friend while another friend, Troy London was sitting a few yards away waiting for plaintiff.

13. As plaintiff was still standing on said public street and chatting with his female friend, two plain clothes police officers emerged from an unmarked van and pounced on

3

plaintiff's friend, London, and cuffed him. Plaintiff heard London ask the officers why they were arresting him.

14. Plaintiff continued to chat with the female friend as he watched what was happening to his friend London. Then one of the officers came over to plaintiff and grabbed him by the hand and cuffed him.

15. Plaintiff was searched there on the street by the officers who found nothing on him except his keys. The officers had him standing cuffed on the street for about fifteen (15) minutes in a neighborhood where plaintiff has family and friends thereby causing plaintiff to suffer humiliation. Plaintiff was compliant when being handcuffed and searched.

16. Thereafter, more officers arrived at the scene in another unmarked van. Plaintiff recognized one of them as Officer Johnson who had been involved in a prior unlawful arrest of plaintiff in November 2004. Again, plaintiff inquired why the officers had abused and assaulted him. He wanted to know, and asked, what he had done to justify being arrested but the officers refused to tell him the reason for his arrest. He advised them that he had done nothing wrong but the officers laughed at him and asked him to talk to the van.

17. Then plaintiff was placed in the van with London. There were few other suspects already inside the van. On this extremely hot summer afternoon, plaintiff was driven around in the van for about six hours before being brought to the 71st Precinct where he was strip-searched, photographed and fingerprinted and thrown into jail.

18. Plaintiff was taken to Central Booking the following morning August 14, 2005, but did not appear before a judge until about 8 p.m. of that day. He was charged with possession and sale of narcotics. Plaintiff was neither in possession of any narcotics nor sold any such substance.

4

He was remanded in Rikers Island jail until Wednesday August 17, 2005 when he was able to post bail.

19. Plaintiff was kept in detention at Rikers Island for **5 days.** On August 19, 2005, all of the criminal charges and offenses preferred against plaintiff were dismissed at the request of the District Attorneys' Office.

20. At the time of his arrest and detention, plaintiff was lawfully on a public street for a lawful purpose. Plaintiff did not engage in any conduct which would justify a police intrusion on his right to be present on a public street at about 4:30 p.m.

21. Before and at the time plaintiff was unlawfully approached, seized, and searched by the police, he had not been engaging in any suspicious or unlawful conduct. Therefore, his warrantless seizure by the police was completely unjustified, in that it was made without reasonable suspicion or probable cause.

22. The above conduct of the defendants is part of a pattern of harassment and unlawful arrests to which plaintiff has been repeatedly subjected by Officers of the Brooklyn South Narcotics Department. Plaintiff was subjected to similar harassment, unlawful arrest, and use of excessive force on or about November 8, 2004.

23. On or about November 8, 2004, at about 6:00 PM, while plaintiff was on Nostrand Avenue, waiting for his cousin, he was accosted by two men who turned out to be police officers. One of the officers was wearing a hood which covered most of his face. The other officer had a hood and a red band round his head.

24. When they two men tried to grab plaintiff, he ran from them thinking that they were gang members trying to rob him, particularly given the manner in which they were dressed. The

5

men failed to identify themselves as police officers.

25. The two men pursued plaintiff a few yards, grabbed him and violently threw him to the ground. Both officers had their knee pressed hard on plaintiff's back as he was on the ground. One of the officers held him tightly on the neck almost choking him. The officers pointed their guns at plaintiff.

26. The officers robbed plaintiff's face on the concrete street pavement causing bruises and laceration to his face. One of the officers hit plaintiff on the face with his gun causing injury to his eye and face.

27. Plaintiff was cuffed and searched by the two men who, for the first time, disclosed that they were police officers. Then about three other police officers (two men and one female) arrived in another van. One of the officers is called Johnson. All the officers congregated over plaintiff who was still held on the ground. They pulled him up from the ground and searched him again.

28. Plaintiff asked why he was being arrested. One of the officers laughed and said "Get into the van and say hello to your friend". Plaintiff was placed in the van where he saw two other arrestees already in the van. He did not know any of the two other arrestees.

29. Plaintiff was then driven around in the van with other suspects for several hours as the officers picked up more suspects. He was finally brought to the 71st Precinct where he was to learn for the first time that he was being arrested for allegedly selling drugs.

30. Plaintiff was strip-searched, photographed, fingerprinted and thrown into jail. Although he had a swollen eye, was bleeding from laceration below his right eye, and had bruises on the forehead and palms, he was given no medical attention.

31. Plaintiff was taken to Central Booking the next day and brought to court where he was arraigned on the charges. He was remanded in Rikers Island jail for about three (3) days before he was bailed by his family. He was charged with Resisting Arrest, possession and sale of narcotics. All the charges were dismissed. Claimant incurred legal expenses to defend himself against the unlawful criminal prosecution. He spent a total of **three (3) days in jail** from this incident.

32. The arrest of plaintiff was made without a warrant and without probable cause, and there was absolutely no justification for the preferral of charges against him.

33. Plaintiff was falsely arrested, maliciously prosecuted, subjected to malicious abuse of criminal process, assaulted, battered, subjected to excessive and unnecessary force.

34. Plaintiff suffered physical injuries, including injury to his arm. Moreover, plaintiff suffered emotional distress and mental anguish and psychological trauma as a consequence of the assault, battery, unnecessary and excessive force, and as a result of his arrest and as a direct consequence of criminal charges which were preferred against him.

35. The Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

36. The actions taken against plaintiff by the defendant Officers herein were propelled by a policy and practice of the City of New York which promotes an "ends justifies the means" philosophy of combating crime including "quality of life" offenses, which causes Officers to arrest individuals, particularly blacks, without probable cause and to subject those individuals to false criminal charges and other kinds of charges and to subject those individuals to malicious

prosecution, malicious investigation, malicious abuse of criminal process, and to excessive force, assault and battery. The said policy and practice falls disproportionately on persons of color.

37. These polices and practices violate the rights of the Plaintiff under federal law including the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

38. The actions and conduct of the Officers and the polices and practices of the City of New York were negligent and the proximate cause of damages to the Plaintiff.

39. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

40. The Plaintiff has no other adequate remedy at law but for this action.

## FIRST CAUSE OF ACTION

41. Plaintiff reiterates paragraphs 1 through 40 and incorporate such by reference herein.

42. The actions and conduct of the Defendant Officers violated the Plaintiff's Civil and Constitutional rights as guaranteed under the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution by, among other things, causing Plaintiff to be arrested, causing him to be falsely imprisoned; and by subjecting said plaintiff to excessive and unnecessary force; and by subjecting him to the malicious abuse of criminal process.

43. As a result of plaintiff's false arrest and imprisonment, plaintiff has been caused to suffer humiliation, bodily pain, mental anguish, embarrassment, and loss of income, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses,

medical expenses and has been otherwise damaged.

## SECOND CAUSE OF ACTION

44. Plaintiff reiterates paragraphs 1 through 43 and incorporate such by reference herein.

45. The policy and practice of the Defendant City violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

46. Plaintiff suffered injuries and damages as a result of aforesaid actions and conduct.

## THIRD CAUSE OF ACTION

47. Plaintiff reiterates paragraphs 1 through 46 and incorporate such by reference herein.

48. The Plaintiff was subjected to unnecessary and excessive force in violation of his rights under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

49. Plaintiff suffered injuries and damages as a result. As a proximate result of the acts of defendants, Plaintiff incurred expenses in procuring required medical care and treatment.

## FOURTH CAUSE OF ACTION

50. Plaintiff reiterates paragraphs 1 through 49 and incorporate such by reference herein.

51. The Plaintiff was subjected to malicious prosecution in that he was arrested and charged, without probable cause, and subjected to criminal prosecution as a consequence thereof in violation of his rights under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

52. Plaintiff suffered injuries and damages as a result. As a proximate result of the acts of defendants, Plaintiff incurred expenses in procuring required medical care and treatment.

## FIFTH CAUSE OF ACTION

53. Plaintiff reiterates paragraphs 1 through 52 and incorporates such by reference herein.

54. The actions and conduct of the Defendant Officers violated the rights of Plaintiff as guaranteed under the laws of the State of New York being that said Plaintiff was arrested without just or probable cause and without a warrant, and was falsely imprisoned, and subjected to abuse of the criminal process.

55. The defendant police officers acted under color of law, in their official capacity and their acts were performed under color of the statutes and ordinances, customs and practices of the City of New York.

56. Plaintiff suffered injuries and damages as a result of the unlawful arrest, false imprisonment and deprivation of her civil rights.

## SIXTH CAUSE OF ACTION

57. Plaintiff reiterates paragraphs 1 through 56 and incorporate such by reference herein.

58. The Plaintiff was subjected to malicious prosecution in that she was arrested and charged, without probable cause, and subjected to criminal prosecution as a consequence thereof in violation of his rights under the laws of the State of New York.

59. That the plaintiff was wholly innocent of said charges and was forced by defendants to submit to Court proceedings. Plaintiff was arraigned on the aforesaid charges and thereafter subjected to criminal prosecution without probable cause.

60. Defendants commenced the criminal proceeding against plaintiff because of a wrong and improper motive other than a desire to see the ends of justice served.

61. The aforesaid criminal proceeding was commenced by reason of defendants' intentional wanton, reckless and/or grossly negligent conduct.

62. That by reason of the said false arrest, detention and malicious prosecution, plaintiff was caused to suffer humiliation, bodily pain, mental anguish, embarrassment, and loss of income, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, medical expenses and has been otherwise damaged.

63. Plaintiff suffered injuries and damages as a result of aforesaid actions and conduct.

### SEVENTH CAUSE OF ACTION

64. Plaintiff reiterates paragraphs 1 through 63 and incorporates such by reference herein.

65. Defendants were negligent, careless and reckless in depriving plaintiff of prompt and necessary medical treatment and attention.

66. Plaintiff suffered injuries and damages as a result. As a proximate result of the acts of defendants, Plaintiff incurred expenses in procuring required medical care and treatment.

**WHEREFORE,** plaintiffs pray the Court for judgment as follows against the defendants and each of them, jointly and severally:

(a) Enter appropriate declaratory and injunctive relief.

(b) Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined.

(c) Award punitive damages against the defendant officers in an amount to be determined.

(d) Award reasonable costs and attorney's fees in an amount to be determined.

(e) Award such other and further relief as the Court deems appropriate and just.

11

Dated: Brooklyn, New York
      January 23, 2006

                          LAW OFFICE OF PHILIP AKAKWAM

                    By: _____
                          Philip Akakwam, Esq. (PA-8294)
                          Attorneys for the Plaintiff
                          1203 Nostrand Avenue
                          Brooklyn, N.Y. 11225
                          (718) 735-0008